UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IRVING H. PICARD<br><br>                    Appellant,<br><br>             v.<br><br>HSBC BANK PLC, et al.,<br><br>                    Appellees. | 25 Civ. 9378 (DEH)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is an opposed motion for an extension of time to file a designation of the record and statement of issues by Irving H. Picard, as Trustee for the Substantively Consolidated Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff (the "Trustee"), on February 26, 2026 in the above-captioned appeal (the "Appeal"). HSBC Bank USA, N.A. and HSBC Private Bank (Suisse) S.A. (collectively "Appellees") oppose an extension on the basis that the Trustee has failed to show excusable neglect, making any extension of deadlines impermissible under Second Circuit caselaw. Construing the letter opposition as a motion to dismiss the appeal, the Court concludes that Trustee has failed to show excusable neglect and accordingly **DISMISSES** the appeal.

On February 6, 2026, this Court entered a scheduling order incorporating Federal Rule of Bankruptcy Procedure 8009, which directed that the Trustee's deadline to file his Designation and Statement would be "14 days from the date of this order," which was February 20, 2026. ECF No. 7 at 1. The Court expressly cautioned that "[f]ailure to comply with this order and/or the time limits in Rules 8009 or 8018 will result in dismissal of the appeal." *Id.* at 2. The Trustee did not file a Designation or Statement before the deadline passed. In fact, the extension request came on February 26, 2026—six days after the deadline. Mot. for Ext. of Time, ECF No. 9.

The Trustee acknowledges that their filing is untimely but argues that the failure to meet the deadline set by the Court's February 6 Order should be forgiven as excusable neglect. The Trustee points to an oversight by non-attorney staff in failing to calendar the deadline for the Designation and Statement. *Id.* at 3. The Trustee also notes that their errantly-filed notice of appeal from last year led to their automated deadlines system failing to note the 14-day deadline in this Court's order. *Id.* The Trustee acknowledges that "a mistake was made" and "take[s] that mistake very seriously and sincerely apologize[s] for it." *Id.* at 4. However, the Trustee does not provide any other justification for missing the deadline than the failure to put the deadline on the calendar.

Untimely filings of Designations and Statements in bankruptcy appeals may only be permitted upon a showing of excusable neglect. *In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005) (citing Fed. R. Bankr. P. 9006(b)(1)). [1] In evaluating excusable neglect, the Second Circuit looks to the factors set out in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), taking a "hard line" approach to the third factor ("the reason for the delay"), "instruct[ing] courts to treat it as essentially 'dispositive.'" *In re Roman Catholic Diocese of Rockville Ctr.*, No. 23 Civ. 6708, 2024 WL 303765, at *3 (S.D.N.Y. Jan. 26, 2024) (quoting *Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021)). When "the order setting the deadline is entirely clear, a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *In re Ditech Holding Corp.*, No. 23 Civ. 7194, 2024 WL 1342811, at *3 (S.D.N.Y. Mar. 29, 2024). Calendaring errors rarely, if ever, satisfy the excusable neglect standard. *See, e.g., Zubair v. Entech Eng'g, P.C.*, 550 F. App'x 59, 60 (2d Cir. 2014) ("[D]istrict

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

2

courts exceed their discretion in granting a motion for extension of time for excusable neglect . . . when attorney errors are the cause of the untimely filing."); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 365-72 (2d Cir. 2003) (holding district court abused its discretion by finding excusable neglect where the movant's counsel relied on another counsel's erroneous calculation of a filing deadline); *In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) ("[A]bsent extraordinary circumstances, attorney inadvertence is not excusable neglect."); *In re Great Atl. & Pac. Tea Co.*, 618 B.R. 57, 64 (S.D.N.Y. 2020) ("[F]ailing to calendar the deadline for filing an answer is the type of law office error that rarely constitutes an excusable neglect."); *Hernandez v. Goord*, No. 01 Civ. 9585, 2014 WL 4058662, at *8-9 (S.D.N.Y. Aug. 14, 2014) (a "calendaring mistake" is not "excusable neglect" where there is a "clear and unmistakable deadline"); *Matter of Ramos-Meza*, No. 24 Civ. 6593, 2025 WL 2773302, at *5 (S.D.N.Y. Sept. 29, 2025) (holding "the failure by experienced counsel to follow the clear requirements of Rule 8009(a)(1) due to inadvertence does not amount to 'excusable neglect,'" and thus dismissing bankruptcy appeal despite "relatively short" seven-day delay in filing designation and statement).

Here, the Trustee's purported justification for failure to timely file the Designation and Statement is mere attorney inadvertence, not excusable neglect. The deadline was explicit and clear. *See In re Ditech Holding Corp.*, 2024 WL 1342811, at *3 (Where "the order setting the deadline is entirely clear, a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test."). The Trustee has repeatedly missed deadlines and filed an improper notice of appeal, at least part of why the deadline was miscalendared by counsel's support staff. *See In re Lynch*, 430 F.3d at 604 n.4 (holding attorney's "casual attitude towards the bankruptcy rules shown generally . . . over the course of the district court proceedings" weighed against finding excusable neglect). And it is the responsibility of the attorney, not anyone else they delegate the task to, to keep track of deadlines. *In re DeMarco*, 733 F.3d 457, 463 (2d Cir. 2013) ("[A]ttorneys have their

3

own due diligence responsibility [to track deadlines] and cannot rely on perfect processing by . . . law firm employees."); *see also In re Musicland Holding Corp.*, 356 B.R. 603, 608-09 (Bankr. S.D.N.Y. 2006) (holding there was no excusable neglect, and denying extension request, where counsel delegated filing responsibility to "appropriate administrative personnel," and "the delay . . . was the result of attorney inattention and lack of supervision"); *United States v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994) (holding counsel's "failure to timely file due to the poorly supervised assistant's ignorance of the deadline . . . was not 'excusable neglect'").  And as Appellees note, Counsel's significant experience in similar proceedings weighs further against a finding of excusable neglect.  *See In re Burton,* 316 B.R. 138, 141 (S.D.N.Y. 2004) (holding party's "experience as an attorney and litigant weigh against finding that his failure to perfect his appeal was the product of excusable neglect").  Altogether, the Court concludes that the Trustee has failed to establish excusable neglect.

The Court does not doubt the good faith of Counsel for the Trustee and entirely credits inadvertence as the cause of the mistake.  But "[i]f a party fails to file a Designation and Statement on time, and an untimely filing is disallowed because no excusable neglect has been shown, the appeal has to be at an end." *In re Lynch*, 430 F.3d at 605.  Under the facts presented here, the Court concludes that it has no choice but to dismiss this appeal.

The Clerk of Court is respectfully directed to **DISMISS** this appeal and to terminate ECF No. 9.

SO ORDERED.

Dated: March 12, 2026

New York, New York

_____

DALE E. HO
United States District Judge

4